MORRIS COHEN, Respondent, *v.* EUGENE O. BEYER, Appellant.

First Department, February 5, 1926.

Motor vehicles — action to recover property damages caused by collision between plaintiff's and defendant's automobiles — defendant's chauffeur was negligent — defendant and his chauffeur testified that chauffeur did not have authority to use automobile at time of accident — evidence admissible that chauffeur told police officer he had authority — issue raised by impeaching testimony — objection might have been made that proper foundation was not laid for testimony.

In an action to recover property damages caused by a collision between defendant's automobile and plaintiff's automobile at a time when defendant's automobile was being driven by his chauffeur, the evidence establishes that the defendant's chauffeur was guilty of negligence.

Since both the defendant and his chauffeur testified that at the time of the accident the chauffeur did not have authority from the defendant to use the automobile, and that he was using it at that time for his own personal benefit without authority, it was proper to admit testimony that the chauffeur told

a police officer directly after the accident that he had authority to use the automobile and was engaged on business for his employer.

Said testimony which was properly received to impeach the credibility of the chauffeur raised an issue, since both the defendant and his chauffeur were interested witnesses, as to whether the version that the defendant and his chauffeur gave as to the authority of the chauffeur at the time was true.

While various kinds of objections were taken as to the testimony, none of them was proper in form or substance, but the defendant might have objected to the redirect testimony by the plaintiff and the police officer as to the conversation between the chauffeur and the police officer on the ground that no proper foundation was laid for impeaching testimony in that the chauffeur's attention was not called to the alleged statements made by him to the police officer.

MERRELL, J., dissents.

APPEAL by the defendant, Eugene O. Beyer, from a determination of the Appellate Term of the Supreme Court, First Department, made on the 26th day of June, 1925, and entered in the office of the clerk of the county of New York, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, in favor of the plaintiff.

The opinion of the Appellate Term is reported in 125 Miscellaneous, 390.

F. A. W. Ireland, for the appellant.

A. Murry Rosenthal [Joseph S. Siegel of counsel], for the respondent.

DOWLING, J. At one A. M. on August 14, 1924, the plaintiff was driving his taxicab west on One Hundred and Twenty-fifth street, New York city, when at the intersection of that street and Lexington avenue the taxicab was damaged in a collision with a car owned by the defendant, which was being driven north on Lexington avenue. At the time of the collision the defendant's automobile was being operated by his chauffeur, William Collins. There can be no question upon this record as to the negligence of the chauffeur. The only question in the case is as to defendant's responsibility for that negligence.

The defendant testified that at six P. M. on Wednesday, August thirteenth, his chauffeur Collins drove him to the Hotel Leonorie, at the corner of Madison avenue and Sixty-third street; that the defendant told the chauffeur to call for him again on Friday morning, the fifteenth; that he could have the next day, Thursday, off; that the defendant next saw the chauffeur at six o'clock on Thursday evening, when he told him about the accident; that he did not authorize the chauffeur to use the car; that he did not even permit him to use the car. The chauffeur, Collins, testified that he took the defendant to the Hotel Leonorie at six P. M. on August thirteenth;

that the defendant then dismissed him until the following Friday morning, telling the chauffeur he could have the next day off; that the chauffeur did not ask the defendant if he could use the car; that the defendant did not tell him he could use it; that at half-past twelve he was playing cards in the garage; that " I got a telephone at half-past twelve from my wife now, saying she was very ill, could I meet her, and thinking it was very serious I got into my boss' car and went up and met her in the car and on the way home this accident happened." This witness testified that the car was kept regularly in a garage at Seventieth street and Third avenue; that it was kept there that evening and had been there for some time before.

Upon his cross-examination Collins had been asked, without objection, the following questions: " Q. What happened? A. The officer directed me to go around to the station house, which was in the next block, 126th street. Q. You had a talk with the officer? A. I didn't have any talk with any officer. He directed me around to the police station."

Upon rebuttal the plaintiff's counsel recalled plaintiff and the police officer who arrested Collins after the accident to testify to what Collins said at the police station. To them he said that it was his boss' car; that his boss knew he had the car out, and that he had not taken the car out " on his own hook."

This testimony was properly receivable to impeach the credibility of Collins. The witnesses for the defense were both interested persons, and to show that one of them had made a statement different from his testimony on the stand when he was questioned in the station house, on the vital point of whether he had the car out with the owner's consent, was most important, and in itself raised an issue as to whether the version that he and defendant gave of his being off duty at the time was true.

Objections of various kinds were taken to this testimony, but none of them was proper in form or substance. Had an objection been taken that no proper foundation had been laid for the testimony in rebuttal, by calling the witness' attention to the specific answers he had given in the station house, a different question would have been presented. The question was general: " You had a talk with the officer? " No objection was made to it. When it was answered in the negative, no effort was made to question the witness as to any further details of that conversation. But the form of the question was not made the basis for any objection to the testimony elicited in rebuttal, nor was it urged in any way that a proper foundation had not been laid for such testimony. That rebuttal testimony discredited Collins and raised an issue as

to his entire testimony, and perforce had its effect upon that of defendant. Collins was not recalled to specifically deny the statements attributed to him.

It follows that the determination appealed from should be affirmed, with costs.

Clarke, P. J., McAvoy and Burr, JJ., concur; Merrell, J., dissents.

Determination affirmed, with costs.